## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SARA KELLY, individually, | CASE NO.: |
| *Plaintiff,* | |
| v. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| GALEAN, LLC, d/b/a "Super Inn Motel", an Arizona Corporation, | |
| *Defendants.* | |

### COMPLAINT

COMES NOW, Plaintiff SARA KELLY ("Plaintiff"), by and through their undersigned counsel, and hereby brings the instant causes of action against GALEANA, LLC, d/b/a "Super Inn Motel" (hereinafter "GALEANA" or "Defendant"), and further alleges as follows:

### INTRODUCTION

1.     The instant lawsuit involves Plaintiff's injuries and damages that were caused by the wrongful and/or negligent acts of Defendants that lead and contributed to a bed bug infestation and bed bug attacks to Plaintiff.

2.     Plaintiff seeks monetary relief and punitive damages against Defendants for Defendants' wanton and reckless failures and gross negligence in failing to maintain, control, and/or remedy Plaintiff's hotel room and thereby allowing it to become infested with blood-sucking bed bugs.

3.      The majority of the acts in this case took place in Pima County, in the State of Arizona, at the Super Inn Hotel, Room 102, located at or near 1031 E Benson Highway Tucson, Arizona 85755.

4.      Defendant's actions caused Plaintiff to suffer personal injuries and other monetary damages, including attorneys' fees and cost of litigation.

## PARTIES

5.      Plaintiff is a natural born person who, at the time of filing this action, resides in the State of Arizona, and, at all other times material hereto, was Defendants' overnight hotel guest in Room 102, at the Super Inn Hotel, located at or near 1031 E Benson Highway Tucson, Arizona, 85713, in Pima County, Arizona.

6.      Upon information and belief, Defendant GALEANA is an Arizona corporation doing business as "Super Inn Hotel," in Pima County, Arizona, with its principal place of business located at 108 West 13th Street Wilmington, Delaware, 19801.

## JURISDICTION AND VENUE

7.      Personal jurisdiction, subject matter jurisdiction, and venue are all proper before this Honorable Court.

8.      This Court has personal jurisdiction over the Defendants herein because each Defendant resides and/or does business in the State of Arizona and/or has its principal place of business within the jurisdictional bounds of this Court.

9.      Venue is proper in Pima County, Arizona, because, at all times material, Defendant conduct business in this County, and all events herein alleged took place in this County.

10.     This Court has subject matter jurisdiction over the causes of action alleged herein because the amount-in-controversy exceeds the minimum jurisdictional amount, exclusive of interest and attorneys' fees and costs.

## <u>GENERAL FACTUAL ALLEGATIONS</u>

11.     Plaintiff alleges as though fully stated herein the allegations in Paragraph One (1) through Paragraph Thirteen (13), and further alleges that:

12.     Plaintiff reserved a hotel room at the Super Inn Motel for period of September 4, 2020, through to October 4, 2020.

13.     Defendants own, operate, control, manage, and/or administer the Super Inn Motel and reserved Room 102 for Plaintiff to stay during the above time period.

14.     Plaintiff relied on Defendant's representations that its hotel rooms were safe, clean, and habitable when booking a room at Defendant's Super Inn Motel.

15.     Plaintiff was assigned by Defendant to Room 102 upon check-in.

16.     Defendants' hotel grounds were not safe, clean, and habitable, but were infested with bed bugs that was thriving on the property prior to Plaintiff's arrival and throughout her stay.

17.     On or about September 4, 2020, Plaintiff noticed the pre-existing bed bug infestation and immediately notified Defendant's on-duty manager at the time.

18.     At that time, Plaintiff was told that the staff had gone in and sprayed her mattress while she was working on the first night that Plaintiff reported the bugs.

19.     Plaintiff did not witness the treatment of the Room, but relied on Defendant's employees because they were control of the property.

20.     When Plaintiff returned to the room, it smelled of chemicals and/or pesticides, and she requested for the room to be mopped and sheets changed due to the lack of attention in "treating" the Room.

21.     Defendant's denied her requests for additional treatment.

22.     As a result, Plaintiff suffered severe bed bug bites during the following weeks, causing her to seek emergency medical treatment for her injuries, on or about September 23, 2020.

23.     At that time, Plaintiff was examined by a medical professional and treated for her injuries (*e.g.*, countless bed bug bites).

24.     Due to the pain she was suffering, Plaintiff was prescribed medicine to treat the pain and combat the inflammation.

25.     Upon information and belief, Defendants knew or should have known about the pre-existing bed bug infestation in Room 102, prior to assigning Plaintiff to the room.

26.     In fact, on September 4, 2020, it was undeniable that there was a bed bug infestation in Room 102, but Defendant failed to adequately treat the Room despite this knowledge, and caused Plaintiff to suffer injuries and damages by failing to accommodate her with an alternative overnight arrangement that was safe, habitable, and free from bed bugs.

27.     Plaintiff also suffered property damages as a result of the bed bug infestation, as she had on choice but to throw away almost all of her personal belongings that were exposed to the bed bugs in Room 102.

28.     Had Plaintiff known of the defective conditions and bed bug infestation prior to booking the hotel room with Defendants, Plaintiff would have never put herself in harm's way, and would not have been injured by the pre-existing bed bug infestation or incurred other damages from same; and, Plaintiff would not have reserved a room anywhere in the Super Inn Motel.

29.     Defendants were responsible, as the innkeepers of Super Inn Motel, for maintaining the premises in a habitable condition and preventing the exposure of overnight guests to bodily harm from pre-existing bed bug infestations. Specifically, Defendant's owed a duty to Plaintiffs to provide Plaintiffs an overnight accommodation that was free of bed bugs, unlike Room 102, as herein alleged.

30.     Defendant also had a duty to Plaintiff, as the innkeepers, to promptly and properly eradicate and/or cure any hazards, defects, or uninhabitable conditions upon notice of same.

31.     Due to Defendants' failure to properly treat the infestation prior to assigning Plaintiff to Room 102, the hotel room that Plaintiff stayed in was infested at the time Plaintiff arrived at the hotel room and slept therein.

32.     Plaintiff found, upon her arrival, living bed bugs which indicated that the bed bugs were growing, maturing, and were already thriving, for a significant amount of time prior to stepping foot on the premises or room 102.

33.     Defendants knowingly, recklessly, and/or intentionally or wantonly placed Plaintiff in harm's way, into the bed bug infested hotel room, without notice or warning, and the pre-existing bed bug infestation was not known to Plaintiff until she was injured by the bed bugs attacking her at night.

34.     The pre-existing bed bug infestation in Room 102 caused Plaintiff to suffer significant injuries, emotional distress, and property damages.

35.     Defendants knew or should have known that the pre-existing bed bug infestation in Room 102 could cause Plaintiff harm, which it did in fact do.

36.     Given the immediate and obvious extent of the pre-existing bed bug infestation in Room 102, there is no excuse for Defendant's failure to treat the bed bug infestation *properly and professionally* in Room 102 and *confirm* that the hotel room(s) were free from bed bugs prior to placing Plaintiff in Room 102.

37.     Due to the pre-existing bed bug infestation which Defendants knowingly, intentionally, or recklessly exposed Plaintiff to, Plaintiff's life was turned upside down and she suffered multiple bed bug bites and property damages.

38.   What is more, Plaintiff even requested further treatment after September 4, 2020, but Defendant's declined, resulting in serious injuries and damages to Plaintiff.

39.   Defendant caused further injuries and damages by intentionally, negligently, fraudulently, and/or recklessly failing to disclose the true nature of the Room to Plaintiff before, during, and after the injuries and damages were suffered by Plaintiff.

40.   In fact, after Plaintiff showed Defendant the bugs and bites from Room 102, Defendant double-down and denied her proper care, further concealing the bed bug infestation with specific intent to deter Plaintiff from seeking justice and compensation for their wrongdoing.

41.   As stated above, had Plaintiff known of the pre-existing bed bug infestation and complaints at Defendants' hotel, Plaintiff would have stayed somewhere else, which would have been detrimental to Defendant's business, so Defendants chose to gaslight Plaintiff—telling her she was not harmed by bed bugs in Room 102–telling her a lie.

42.   Had she known the truth, Plaintiff would have booked a room at a different hotel or motel.

43.   On June 29, 2022, Plaintiff requested Defendant's applicable insurance policy declarations and identity of Defendant's insurance carrier with whom they had coverage for the injuries and damages herein alleged.

44.   Additionally, Plaintiff submitted a demand for pre-suit resolution.

45.     As of the date of this filing, neither the Defendant nor Defendant's insurer has complied with the request or responded to the demand for resolution.

46.     These correspondences were sent via U.S. Certified Mail to Defendant's Registered Agent, Adolfo Orozco, and two additional addresses associated with GALEAN, LLC and/or Orozco, specifically the following addresses: 1031 E Benson Hwy, Tucson, AZ 85713; 102 Highland Crown Rd, Las Vegas, NV 89141; and, 108 W 13th St, Wilmington, DE 19801.

47.     Upon information and belief, Defendants intentionally ignored Plaintiff's correspondences in an attempt to deter or discourage civil litigation and the filing of the instant lawsuit, effectively terminating any likelihood for amicable pre-suit resolution in this matter without civil litigation.

## COUNT I –

## VIOLATION OF ARIZ. REV. CODE § 36-601, PUBLIC NUISANCES DANGEROUS TO PUBLIC HEALTH

48.     Plaintiff alleges as though fully stated herein the allegations in Paragraph 1 through Paragraph 46, and further alleges that:

49.     In Arizona, the presence of bed bugs in any place where sleeping accommodations are offered to the public is declared a public nuisance dangerous to the public health. Ariz. Rev. Code § 36-601(A).

50.     Specifically, the "presence of ectoparasites such as bedbugs, lice, mites and others in any place where sleeping accommodations are offered to the public [is] specifically declared public nuisances dangerous to the public." § 36-601(A)(7).

51.     Section 36-601 applies to Defendant, GALEAN, LLC, doing business as a Super Inn Motel, which is a business offering overnight sleeping accommodations to the public, including Plaintiff.

52.     Bed bugs were present in Room 102, of the Super Inn Motel, and Defendants allowed the bed bugs to thrive and infest the Room.

53.     Room 102 is a "place where sleeping accommodations are offered to the public." *Id*.

54.     Plaintiff is a member of the public to whom Room 102 was offered.

55.     Bed bugs were present in Room 102 prior to and during Plaintiff's reservation, at the Super Inn Motel, owned by Defendant, between September 3, 2022, and October 4, 2022.

56.     Defendants therefore violated Section 36-601(A)(7), during Plaintiff's stay in Room 102, from September 4, 2020, to October 4, 2020.

57.     Room 102, owned and operated by Defendant, was, at all times material hereto, a public nuisance dangerous to the public, including Plaintiff.

58.     Plaintiff was in fact directly and proximately harmed by Defendant's public nuisance, and incurred damages as a further direct and proximate result.

59.     Plaintiff requests relief as stated below in Plaintiff's Prayer for Relief.

## COUNT II —

## VIOLATION OF ARIZ. REV. CODE § 33-1319, BEDBUG CONTROL; LANDLORD AND TENANT OBLIGATIONS

60.     Plaintiff alleges as though fully stated herein the allegations in Paragraph 1 through Paragraph 47, and further alleges that:

61.     In Arizona, Defendants cannot knowingly provide or offer a property to the public that is infested by bed bugs. Ariz. Rev. Code § 33-1319.

62.     Room 102, at all times material, was infested with bed bugs.

63.     Defendant offered Room 102 to the public, and specially provided Room 102 to Plaintiff, for overnight accommodations.

64.     Defendant knew that Room 102 was infested with bed bugs, but offered and provided it to Plaintiff anyways.

65.     Furthermore, on September 4, 2022, Defendant was on actual notice of the bed bug infestation, but Defendant still offered Room 102 to Plaintiff and provided her no other alternative.

66.     Defendant knew that Room 102, and/or the Super Inn Motel, was infested by bed bugs prior to offering it to Plaintiffs, due to previous complaints and reports of Defendant's overnight guests.

67.     Defendant therefore violated Ariz. Rev. Code § 33-1319 because Defendant knew the property and/or Room was infested with bed bugs, but offered it to the public anyways, and provided it to Plaintiff.

68.     Plaintiff requests relief as stated below in Plaintiff's Prayer for Relief.

## COUNT III –

## NEGLIGENCE *PER SE*

69.     Plaintiff alleges as though fully stated herein the allegations in Paragraph 1 through Paragraph 67, and further alleges that:

70.     In Arizona, if Defendants are found to have violated a statute, regulation, or code, and in the process injures another, then they are automatically liable for negligence *per s*e, and Plaintiff will not have to prove negligence to a judge or jury, if Plaintiff suffered the type of injury and is within the class of individuals contemplated by the statute, regulation, or code.

71.     Defendant is the owner, operator, manager, and/or director or office that administers control and dominion of the Super Inn Motel, including Room 102.

72.     The Super Inn Motel is a hotel that provides sleeping accommodations to the public, and is therefore subject to certain statutory requirements and laws to prevent injuries to the public, including their hotel guests.

73.     Sections 33-1319 and 36-601, of the Arizona Statutes, were enacted for the protection and safety of the public, including overnight guests, from injuries caused by bed bug infestations.

74.     Plaintiff suffered injuries and damages from a bed bug infestation at Defendant's motel, in Room 102.

75.     Plaintiff, at all times material, was a member of the public that was offered overnight accommodations by Defendant to stay overnight in Room 102, of the Super Inn Motel.

76.     Plaintiff is therefore a member of the class of individuals that Sections 33-1319 and 36-601 were intended to protect, and Plaintiff suffered the type of harm that the sections were intended to prevent.

77.     Defendant violated Section 33-1319, because they knowingly provided a bed-bug infested overnight accommodation to Plaintiff.

78.     Defendant also violated Section 36-601, because Room 102 was nuisance dangerous to the public, including Plaintiff.

79.     Therefore, since Defendant violated Sections 33-1319 and 36-601, of the Arizona Revised Code, Defendant is liable for negligence *pro se*.

80.     As a direct and proximate result of Defendant's negligence *per se*, Plaintiff was injured and suffered damages.

81.     Defendants' violations of Sections 33-1319 and 36-601 caused Plaintiff injuries and damages as aforesaid herein and below.

82.     At all times material hereto, Defendants exercised exclusive control and dominion over the Room 102.

83.     Plaintiff requests relief as stated below in Plaintiff's Prayer for Relief.

## COUNT IV –

## GROSS NEGLIGENCE; NEGLIGENCE

84.     Plaintiff alleges as though fully stated herein the allegations in Paragraph 1 through Paragraph 47, and further alleges that:

85.     As the owners, partners, operators, and/or managers of Super Inn Motel, Defendants owed Plaintiff a duty to exercise reasonable care under the

circumstances to avoid causing foreseeable harm to Plaintiff when proving sleeping accommodations to him.

86.   Defendant had a further duty to warn Plaintiff of any dangerous conditions which were known to Defendant or reasonably should have been known to Defendants by reasonable inspection.

87.   Defendant had a duty to disclose to Plaintiff any inconspicuous conditions at the Room that could cause harm to Plaintiff.

88.   Defendant had a duty to correct, remedy, and/or repair the hotel room if it was uninhabitable or infested by bed bugs.

89.   Defendant had a duty to promptly accommodate and correct uninhabitable conditions that were discovered or noticed at hotel, and to provide alternative sleeping arrangements for Plaintiff if necessary for sufficiently treating or remedying the substandard conditions.

90.   On or about the above-mentioned dates, Defendant breached their duties to Plaintiff and, as part of a continuous course of conduct, so negligently and recklessly operated, maintained, controlled, owned, supervised, managed, and/or inspected Room 102, its condition, and its areas of the structure in a dangerous, unsafe, and defective condition.

91.   And, further, Defendant negligently, wantonly, and outrageously ignored and/or disregarded the true nature and extent of the conditions at the hotel.

92.    At all times material hereto, Defendant did act negligently, including but not limited to the following wrongful acts or omissions:

a.  Defendant failed to provide a safe, comfortable, and sanitary unit to Plaintiff.

b.  Defendant failed to regularly and properly inspect the hotel rooms to identify the existing and continuing bed bug infestations.

c.  Defendant failed to regularly and properly maintain the hotel rooms, and adequately treat, exterminate, and/or prevent the bed bug infestation.

d.  Defendant failed to warn, act, or otherwise notify Plaintiff of the bed bug infestation, or the dangerous and pre-existing hazardous conditions in the hotel, which Defendants knew and/or should have known about through due care and inspections, as well as through customer reviews.

e.  Defendant allowed, permitted, and caused Room 102 to become and remain in an unsafe, unhealthy, and uninhabitable bed-bug-infested condition by failing to properly maintain, control, operate, and repair the hotel room with reasonable measures to prevent the bed bug infestation inside Plaintiff's bedroom.

f.  Defendant failed to investigate and ascertain the cause of prior similar infestations or accidents to take measures to prevent their

reoccurrence and/or eliminate the infestation, hazards, and, more particularly, Plaintiff's injuries and damages.

g.  Defendant failed to take any means or precautions for the safety of its tenants, including Plaintiff, under the circumstances, then and there existing.

h.  Defendant failed to properly train, instruct, and supervise their employees to properly inspect, identify, and treat hotel rooms, including Room 102, and maintain their integrity in a habitable condition.

i.  Defendant failed to promulgate and/or enforce adequate housekeeping and/or maintenance policies and/or procedures to maintain reasonably safe conditions in its hotel rooms, including Room 102, free of bed bug infestations.

j.  Defendant acted negligently in other manners expected to be discovered during ongoing investigation and discovery, all of which caused Plaintiff to sustain severe personal injuries and property damages.

93.  At all times material hereto, Defendant exercised exclusive control and dominion over the Room 102.

94.  At all times material hereto, Defendant knew of, and/or reasonably should have known about, and created the foregoing dangerous and unsafe conditions in Room 102 that caused harm to Plaintiff.

95.     At all times material hereto, Defendant failed to correct, remedy, and/or repair the dangerous and unsafe conditions in Room 102, which caused, and continued to cause, harm to Plaintiff.

96.     At all times material hereto, Defendant failed to warn, notify, or alert Plaintiff of the true nature of the bed bug infestation in Room 102, which harmed Plaintiff more than once.

97.     Insofar as it relates to conditions that Defendant did not create, if any, Defendant's knowledge was or reasonably should have been acquired through prior incidents or from its regular maintenance and inspection of the area where Plaintiff was harmed, or by way of online customer reviews and complaints submitted to Defendants' online profiles and webpages.

98.     Defendant engaged in wanton, willful, and outrageous conduct in the above-mentioned ways and manners, including but not limited to their failure to warn Plaintiff of the bed bugs on or before September 4, 2020, and each moment thereafter while Plaintiff occupied Room 102.

99.     Despite Defendant's knowledge of the bed bug infestation at the Super Inn Motel, the continuous nature of its reoccurrence at the hotel facility, and the foreseeable and severe health hazards, illnesses, and injuries presented by the conditions of a bed bug infestation, Defendant failed to change their inspection and/or maintenance policies or procedures, and failed to take reasonable steps to ensure hotel guests—including Plaintiff—were free of potential harm from bed bug

infestations, prior to allowing hotel guests, such as Plaintiff, to occupy the rooms, including Room 102.

100.   Defendant's conduct was so reckless and/or wanton in care that it constituted a conscious disregard or indifference for the rights, physical well-being, health, and/or safety of its hotel guests who were exposed to such harmful infestations, including Plaintiff; and such conduct demonstrated willful and outrageous acts that rises to the level of warranting punitive damages.

101.   As a direct, legal, foreseeable, and proximate result of Defendant's breach of duty owed to Plaintiff, Plaintiff was injured and suffered damages as aforesaid.

102.   Plaintiff requests relief as stated below in Plaintiff's Prayer for Relief.

<u>**COUNT V –**</u>

<u>**BATTERY**</u>

103.   Plaintiff alleges as though fully stated herein the allegations in Paragraph 1 through Paragraph 67, and further alleges that:

104.   At all times material hereto, Defendant intentionally and/or recklessly did acts that resulted in offensive contact with Plaintiff's person, including but not limited to Plaintiff's body being massacred by bed bugs.

105.   At all times material hereto, Defendant did the aforementioned acts discussed fully above, with the intent to cause a harmful and/or offensive contact with the body of Plaintiff.

106.   At all times material hereto, Plaintiff did not consent to the touching alleged herein-above, including but not limited to being bitten by bed bugs all over her body.

107.   A reasonable person in Plaintiff's situation would have been offended by the harmful and unwelcome contact, including but not limited to bed bug bites all over one's body.

108.   At all times material hereto, Defendant's wanton, willful, and outrageous conduct as herein-above alleged entitles Plaintiff to punitive damages.

109.   As a direct, legal, foreseeable, and proximate result of Defendant's actions, Plaintiff sustained serious injuries to her person, including but not limited to bed bug bites all over her body, and other damages in an amount to be shown according to proof.

110.   As a further direct, legal, foreseeable, and proximate result of Defendant's battery, Plaintiff was injured and suffered damages as aforesaid.

111.   Plaintiff requests relief as stated below in Plaintiff's Prayer for Relief.

## COUNT VI –

## NEGLIGENT MISREPRESENTATION

112.   Plaintiff alleges as though fully stated herein the allegations in Paragraph 1 through Paragraph 47, and further alleges that:

113.   At all times material hereto, Defendant, as the partners, owners, managers, and/or operators of the Super Inn Motel, owed Plaintiff a duty to exercise reasonable care under the circumstance to provide her with safe and

comfortable accommodations and avoid the infliction of emotional distress of its hotel guests, including Plaintiff.

114.   At all times material hereto, Defendant knew, or reasonably should have known, that its failure to exercise due care in the performance of providing Plaintiff with a safe and comfortable—and bed-bug-free unit—would cause Plaintiff severe emotional distress, including but not limited to sleepless nights, and post-traumatic stress.

115.   At all times material hereto, Defendant breached their duty by their failure to put Plaintiff on notice of the bed bugs infesting the Room and to remediate the infestation and contamination, and as herein above more fully described.

116.   At all times material hereto, Defendant's conduct placed Plaintiff in the immediate risk of physical harm and, in fact, caused direct physical impact and injury, because Plaintiff was in the "zone of dangers," pursuant to *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532 (1994).

117.   At all times material hereto, Defendant's wanton, willful, and outrageous conduct as hereinabove alleged entitles Plaintiff to punitive damages.

118.   As a direct, legal, foreseeable, and proximate result of Defendant's aforementioned conduct, Plaintiff has endured many sleepless nights and much emotional and mental distress, along with other physical conditions associated with severe mental and emotional distress.

119.    As a further direct, legal, foreseeable, and proximate result of Defendant's deplorable behavior and the consequences proximately caused by it, as hereinabove alleged, Plaintiff suffered severe emotional distress and mental suffering, all to his damage.

120.    As further direct, legal, foreseeable, and proximate result of Defendant's negligent infliction of emotional distress, Plaintiff was injured and suffered damages as aforesaid.

121.    Plaintiff requests relief as stated below in Plaintiff's Prayer for Relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff SARA KELLY demands judgement in Plaintiff's favor and seeks the following relief against Defendant GALEAN, LLC:

A.    General damages in an amount according to proof at trial, exclusive of interest, attorneys' fees, and cost of litigation;

B.    Compensatory damages according to proof at trial;

C.    Past, present, and future medical and related expenses according to proof at trial;

D.    Exemplary and punitive damages in an amount to be determined at trial;

E.    Costs of suit;

F.    Pre-judgment and post-judgment interest;

G.    Attorneys' fees; and,

H.      Such other relief as this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

**WHEREFORE,** Plaintiff, SARA KELLY, by and through his undersigned counsel, hereby respectfully demand a trial by jury as to all issues so triable.

DATED this 5 September 2022.

Respectfully submitted,

*/s/ C. Randall Stone*
C. Randall Stone (SBN 020698)
Lento Law Group
7047 East Greenway Parkway -Suite 250
Scottsdale, Arizona 85254
Telephone: (602) 960-9400
Facsimile: (707) 215-3600
crstone@lentolawgroup.com
*Local Counsel & Co-Counsel for Plaintiff, SARA KELLY;*


*/s/ Michael G. Mann*
MICHAEL G. MANN, ESQ.
Fla. Bar No. 1020249
The Cochran Firm Orlando, LLC
605 East Robinson Street, Suite 140
Orlando, Florida 32801
Telephone: (407) 271-8590
Facsimile: (407) 271-8059
MMann@cochranfirmorlndo.com
MPolicard@cochranfirmorlando.com*Pro Hac Vice Candidate & Out-of-State Counsel for Plaintiff, SARA KELLY.*